IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| TENNESSEE ICE HOUSE, INC. f/k/a SWIFT RIVER, INC., | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:08-CV-212 |
| ICE HOUSE AMERICA, LLC, | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This civil action came before the court on June 2, 2008, for hearing on plaintiff's request for a preliminary injunction. The court took evidence and heard argument from counsel. The court also heard argument regarding defendant's contention that this court should not exercise jurisdiction over this case based on the abstention doctrine set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) [doc. 11]. For the reasons discussed below, this is an appropriate case for application of the *Colorado River* abstention doctrine.

Plaintiff, Tennessee Ice House, Inc., filed this action in the Chancery Court for Monroe County, Tennessee on May 16, 2008. Defendant, Ice House America, LLC, removed the case to this court on May 27, 2008, after a temporary restraining order had been entered *ex parte* by the state court. This court extended the temporary restraining order until a hearing on the request for a preliminary injunction could be heard on June 2, 2008. In the complaint, Tennessee Ice House alleges breach of contract, tortious interference with

contract, and tortious interference with business relationships. Tennessee Ice House contends that Ice House America improperly breached the distributorship agreements they entered into in 2004.

Ice House America had, on May 2, 2008, filed a complaint in Duval County, Florida against Tennessee Ice House and its president, Dwayne Cardin, alleging breach of the same distributorship agreements, tortious interference with advantageous business relationships, business disparagement, and several other causes of action. Ice House America also sought and received a temporary restraining order. The record indicates that a hearing was scheduled for May 8, 2008, regarding the request for a temporary injunction. However, Tennessee Ice House cancelled the hearing through its Florida counsel for the reason that it needed more time to prepare. Tennessee Ice House then filed this action in Tennessee state court on May 16, 2008.

Under the *Colorado River* doctrine, a court may abstain from hearing a federal case because there is similar litigation occurring in a state court. *Colorado River*, 424 U.S. at 818. It is a "narrow exception" to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* at 817. Abstention may be justified by "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817 (internal quotation marks and citations omitted).

The initial determination in a *Colorado River* abstention is whether the federal and state proceedings are in fact parallel. *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998). "The state proceedings need not be identical, merely 'substantially similar.'" *Bates v. Van Buren Twp.*, 122 F. App'x 803, 806 (6th Cir. 2004) (citing *Romine*, 160 F.3d at 340)). The parties in the state and federal actions do not have to be identical for the cases to be parallel. *Bates*, 122 F. App'x at 806 (citing *Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir. 1990)); *see also Romine*, 160 F.3d at 340.

The court finds that this case is parallel to the Florida case. The parties are identical with the exception that in the Florida action Dwayne Cardin is a named defendant. Mr. Cardin is the president of Tennessee Ice House and testified at the preliminary injunction hearing in this case. He obviously controls Tennessee Ice House. Both cases deal with the exact same contracts, the alleged breach of those contracts by the named parties, and the same alleged conduct and circumstances that resulted in the alleged breach. While the state court action might be broader in its scope than the federal action because it includes more causes of action, this is not a bar to *Colorado River* abstention. *Bates*, 122 F. App'x at 807 (citing *Romine*, 160 F.3d at 340).

At this point the court also feels compelled to observe that it is apparent that Tennessee Ice House was forum shopping when it filed this action in state court. All of the issues asserted in this complaint could easily have been raised and resolved in the Florida case as counter-claims or defenses. Additionally, Tennessee Ice House could have sought

3

injunctive relief in the Florida forum as well. This fact, in the court's opinion, further confirms that the cases are parallel.

Once the court has determined that there are parallel state proceedings, the next step is to weigh the factors identified by the Supreme Court to determine if abstention is warranted. The Sixth Circuit summarized those factors in *Romine* as follows:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained . . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. These factors, however, do not comprise a mechanical checklist. Rather, they require "a careful balancing of the important factors as they apply in a give[n] case" depending on the particular facts at hand.

*Romine*, 160 F.3d at 340-41 (citations omitted).

This case does not involve a res. There is no basis to believe that the federal forum is less convenient since this case was removed from Tennessee State court, so there has been very little if any inconvenience to the parties in the change to federal court. The state court proceedings are in Florida, and certainly Tennessee Ice House chose to file this lawsuit in Tennessee where its business is located. However, Tennessee Ice House is already involved in the Florida litigation and will be required to appear and participate in those proceedings. Therefore, factors one and two weigh against abstention.

4

The other factors, however, support abstention. The third factor is the avoidance of piecemeal litigation. In *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S.1,19 (1983), the Supreme Court noted that the paramount consideration in *Colorado River* was the danger of piecemeal litigation. "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine*, 160 F.3d at 341 (citation omitted). Both cases have at their core the issue of whether either party breached the subject distribution agreements. This court, as well as the Florida court, will have to resolve that issue, which raises the danger of piecemeal litigation and strongly weighs in favor of abstention. In addition, the threat of piecemeal litigation exists because arbitration is pending in the Florida action. The agreements contain an arbitration provision, which Tennessee Ice House is seeking to enforce in the Florida case. Piecemeal litigation could result if this court continues to adjudicate the same breach of contract issues potentially subject to arbitration in the parallel state case.

The fourth factor is the order in which jurisdiction was obtained, and this also favors abstention. This factor is also viewed with the seventh factor, the relative progress of the state and federal proceedings. *Iron Workers of W. Pa. Pension Plan v. Caremark RX, Inc.,* No. 3:06-1097, 2007 WL 60927, at *5 (M.D. Tenn. Jan. 5, 2007) (citing *Moses H. Cone*, 460 U.S. at 21-22). "According to the Supreme Court, 'priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much

progress has been made in the two actions.'" *Iron Workers*, 2007 WL 60927 at *5 (citing *Moses H. Cone* 460 U.S. at 21). The Florida action was filed prior to this case, though only two weeks earlier. However, by the time the hearing was held in this case on June 2, 2008, the Florida court had entered an order for temporary injunctive relief, an order for expedited discovery, and Tennessee Ice House had filed a motion to stay the proceedings and compel arbitration pursuant to the terms of the arbitration provision in the distribution agreements. The fourth factor favors abstention.

The fifth factor, whether the governing law is state or federal, and the sixth factor, the adequacy of the state court action to protect the federal plaintiff's rights, both favor abstention. There is no federal claim involved in this case, which was removed to this court on the basis of diversity. Thus, no federal law will be applied to any of the claims pending here. The agreements at issue specify that they are governed by Florida law, so arguably this court would have to apply Florida law. Certainly, the Florida court is an appropriate and adequate forum to apply Florida law and adjudicate the issues regarding these agreements.

The seventh factor has already been considered with the fourth factor, and it also favors abstention. The eighth factor, the presence or absence of concurrent jurisdiction, is not really relevant in this case. "[C]oncurrent jurisdiction is typically discussed only where the case involves a federal cause of action." *Iron Workers*, 2007 WL 60927 at *6 (citing *Moses H. Cone*, 460 U.S. at 26; *Romine*, 160 F.3d at 342). As already noted, there is no

6

federal cause of action involved in the case before this court.

The court concludes that *Colorado River* abstention is appropriate in this case. In *Bates*, the Sixth Circuit examined and addressed whether a court should dismiss or stay a case under such circumstances. The Court determined that staying the case was the appropriate course to follow.

> We conclude that a stay is the best way to effectuate *Colorado River* abstention. Functionally, the difference between a stay and dismissal without prejudice is small, but staying the proceedings does offer a few advantages. Although not an issue in this case, it will prevent statute of limitations problems. Requiring refiling also imposes small, but non-zero, costs and delay upon the plaintiff. A stay of proceedings is also more efficient from the court's point of view, since the post-abstention case would stay with the original judge, who is familiar with the case, rather than be assigned a new judge. An indefinite stay of proceedings also imposes no additional burden to the court. We therefore join other circuits in requiring a stay of proceedings rather than a dismissal in *Colorado River* abstention cases.

*Bates*, 122 F. App'x at 809.

Therefore, for the reasons stated herein, the court will stay this civil action pending the resolution of the proceedings in the state court in Florida. Upon completion of the state court proceedings, the court will lift the stay and adjudicate any claims remaining that are not barred by *res judicata* or a similar doctrine. "*Colorado River* abstention is temporary because all the reasons for it dissipate once the state court proceedings have run their course. At that point, if any party still has a claim for which it is entitled to a federal forum, and it is not barred by *res judicata* or a similar doctrine, it may return to federal

court." *Id*. at 808-809.

The temporary restraining order in this case will be dissolved. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge